# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS BRUCE                          :
                                       :     CIVIL ACTION NO.
          Plaintiff,                   :
                                       :
v.                                     :
                                       :     JURY TRIAL DEMANDED
CITY OF PITTSTON,                      :
PENNSYLVANIA,                          :
                                       :
          Defendant.                   :

## COMPLAINT

NOW COMES the Plaintiff DOUGLAS BRUCE, by and through his undersigned counsel, and hereby complains of the Defendant, CITY OF PITTSTON, PENNSYLVANIA, as follows:

## PARTIES

1.      Plaintiff Douglas Bruce ("Mr. Bruce" or "Plaintiff"), is an individual who resides in El Paso County, Colorado.

2.      Defendant City of Pittston, Pennsylvania ("City of Pittston" or "Defendant"), is a governmental entity created and functioning pursuant to Pennsylvania statutes and governing the geographical area known as the City of Pittston, Pennsylvania in Luzerne County.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court under, inter alia, 42 U.S.C. §§ 1983, 1988 as well as 28 U.S.C. § 1343, and arises in order to enforce provisions of the United States Constitution.  Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), because the misconduct of Defendant occurred in Pittston, Pennsylvania.   Further, Defendant resides or does business in that division and in Luzerne County, Pennsylvania.

5.     At all times pertinent to this action, Defendant was acting under color of state law, with powers vested in it by the State of Pennsylvania and/or City of Pittston and within the scope of its authority granted by Pennsylvania State law, City of Pittston ordinances and/or City of Pittston policies and practices.

6.     Defendant's conduct as complained herein was pursuant to and in apparent conformity with the rules, customs, regulations, ordinances, policies, and practices of the City of Pittston.

## FACTS

7.     Plaintiff is the owner of a parcel of real estate located in the City of Pittston with the street addresses of 385 N. Main Street, Pittston, Pennsylvania 18640 (the "Property").

8.    There was a building on the Property, prior to Defendant's illegal demolition of the building as described herein.  The ground floor of the building had operated as a bar, and there was an apartment upstairs.

9.    Without proper notice to Plaintiff, Defendant demolished the building on the Property, thereby destroying any reasonable economic value or use for the Property.

10.    Plaintiff did not receive any proper notice from Defendant regarding any maintenance issues or other possible basis for the demolition, and/or proper notice of the issuance of fines or orders in connection with the same.

11.    Regardless, the demolition of a building due to unknown and alleged ordinance violations constitutes an excessive fine under the 8th Amendment of the United States Constitution, which is applicable to Defendant pursuant to *Timbs v. Indiana*, 586 U.S. ___ (2019), 139 S. Ct. 682 (2019), a unanimous decision of the United States Supreme Court.

12.    Furthermore, Plaintiff never received any notice in advance of the demolition of the building on the Property and he therefore did not have the ability to contest the same.

13.    By demolishing the building without notice and due process, Defendant deprived Plaintiff of his property in violation of the Fifth Amendment of the United States Constitution and denied him his procedural due process rights guaranteed by

the Fourteenth Amendment of the United States Constitution, as well as his substantive due process rights also guaranteed by the United States Constitution.

14.     By Defendant's destruction of the building, Plaintiff has been damaged in the form of future income value as well as the value of building and Property, in an amount no less than $500,000.00.

15.     The Defendant did not serve Plaintiff with a search warrant, photos, or statement of particulars before prematurely demolishing the building, in violation of Due Process.

**COUNT I**
**DEPRIVATION OF PROPERTY**
**UNDER FIFTH AND FOURTEENTH AMENDMENTS**

16.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

17.     City of Pittston maintains certain policies, practices, customs, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines against real property without proper notice of the same to the property owners like Plaintiff.

18.     City of Pittston maintains certain policies, practices, customs, and ordinances through which it has permitted itself to demolish buildings on real property without proper notice and the ability to contest the same to the property owners like Plaintiff.

19.    As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property as alleged herein and will be proven at trial.

20.    These ordinances that Defendant has granted itself the permission to issue, in conjunction with the excessive and unconstitutional fees and fines, do not advance a legitimate public purpose, but instead exist as a method for Defendant to enrich itself at the expense of unsuspecting property owners.

21.    Defendant is subject to the Fifth Amendment's prohibition against unconstitutional deprivation of property and denial of substantive and procedural due process pursuant to the Fourteenth Amendment to the United States Constitution.

22.    As alleged herein and will be proven at trial, Defendant has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

23.    Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

## COUNT II
## VIOLATION OF PROCEDURAL DUE PROCESS
## UNDER FIFTH AND FOURTEENTH AMENDMENTS

24.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

25.  As the owner of the Property, Plaintiff has a legitimate property interest therein.

26.  As alleged herein, Plaintiff's property interest in the Property was abridged, under the color of state law, without appropriate due process.

27.  Defendant maintains certain policies, practices, customs, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines or other orders against real property, including those related to allegedly failing to maintain the Property and subsequently demolish the building thereon, all without notice to the property owner.

28.  As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property and denied him his substantive and procedural due process rights as alleged herein and will be proven at trial.

29.  As such, Defendant has violated Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

30.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

<u>**COUNT III**</u>
**VIOLATION OF SUBSTANTIVE DUE PROCESS**

31.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

32.     As the owner of the Property, Plaintiff has a legitimate property interest therein which is deserving of protection under substantive due process.

33.     As alleged above and as will be proven at trial, Defendant has acted in an arbitrary and capricious manner with respect to Plaintiff's rights in the Property, including by issuing excessive and unconstitutional fines or orders which Plaintiff had no ability to challenge and then demolishing the building on the Property without notice, all to the complete detriment of Plaintiff.

34.     Defendant maintains certain policies, practices, and ordinances through which it has permitted itself to issue excessive and unconstitutional fines or other orders against real property, including those related to allegedly failing to maintain the building and thereafter demolish the building thereon, all without notice to the property owner.

35.     As a result of this policy, practice, custom, or procedure, Defendant has unlawfully deprived Plaintiff of his private property and denied him his substantive due process rights as alleged herein and will be proven at trial.

36.     These ordinances, in conjunction with the excessive and unconstitutional fees and fines Defendant has granted itself the permission to issue, do not advance a legitimate public purpose, but instead exist as a method for Defendant to enrich itself at the expense of unsuspecting property owners.

37.     These actions are outrageous and of such a magnitude, i.e., 100% of the value of the building on the Property, that it truly shocks the conscience, meriting treble and/or punitive damages.

38.     As such, Defendant has violated Plaintiff's substantive due process rights under the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

39.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

<u>**COUNT IV**</u>
**VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS**

40.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if repeated herein verbatim.

41.    Defendant issued excessive and unconstitutional fines against the Property related to maintenance of the building on the Property, and Defendant wrongly acted as if it were justified in demolishing the building, all without notice to Plaintiff.

42.    Based on the conduct described in the preceding paragraph, the fines cannot be viewed to be remedial in nature.  The actions levied against the Property therefore constitute a punishment as that term is understood in the context of the Eighth Amendment.

43.    These actions were imposed by Defendant without proper notice and ordered to be paid to Defendant by Plaintiff.

44.    The Defendant issued multiple thousands of dollars in fines before any appearance, judicial hearing, or Due Process of law.

45.    The Defendant issued multiple arrest warrants against the Plaintiff (as well as the deceased former owner of the Property), which were delivered to the Plaintiff via mail in Colorado, where the Plaintiff resides, threatening to arrest the Plaintiff in Colorado.

46.    The illegal arrest warrants were damaging to the reputation of the Plaintiff, who is a former Deputy District Attorney. The warrants were also damaging to Plaintiff's credit.

47.     The amount of the fines, their accumulation, and the fact that the private property was eventually seized from Plaintiff through the razing of his building, all demonstrate that the fines were excessive and unconstitutional under the Eighth Amendment of the United States Constitution.

48.     Defendant is subject to the Eighth Amendment's prohibition against unconstitutional deprivation of property pursuant to the Fourteenth Amendment to the United States Constitution per *Timbs v. Indiana*, 586 U.S. ___ (2019), 139 S. Ct. 682 (2019).

49.     Defendant has therefore violated Plaintiff's rights under the Eighth Amendment of the United States Constitution, subjecting it to liability under 42 U.S.C. § 1983.

50.     Plaintiff has been damaged by these unconstitutional acts, in an amount to be proven at trial, and is therefore entitled to declaratory relief, monetary damages, and attorney fees based on Defendant's violation of his constitutional rights.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1.     On his first, second, third, and fourth causes of action, for damages, including actual, punitive, compensatory, treble, and special damages in an amount to be proven at trial but not less than $500,000, plus attorney fees, court costs, and costs of litigation;

2.     On all causes of action, for actual, compensatory, statutory, punitive, exemplary, treble, or other damages of any kind or type to which he is entitled; for an award of attorney fees, court costs, and costs of litigation; for a declaratory judgment or order declaring that Defendant's conduct as described above violated the constitutional

rights of Plaintiff as protected by the United States Constitution; for a declaratory judgment or order declaring the relevant ordinances, policies, and procedures facially unconstitutional and unconstitutionally applied to Plaintiff, declaring any actions taken by Defendant void *ab initio*; and for any other and further relief to which Plaintiff may be entitled under law or equity and which the Court may find just and appropriate under the circumstances; and

3.      For an award of attorney fees and court costs under 42 U.S.C. § 1983 and § 1988.

4.      For immediate cancellation of all warrants for arrests and fines, so Plaintiff may appear and defend himself, his property, and his rights.

Respectfully submitted,

**WRIGHT, REIHNER & MULCAHEY**

By:     /s/ Danielle M. Mulcahey
        Danielle M. Mulcahey
        Pa. I.D. No. 76999
        148 Adams Avenue
        Scranton, PA  18503
        (570) 961-1166
        (570) 961-1199 – fax


        Aaron C. Garrett
        UT. I.D. No. 12519(UT)
            (*pro hac vice pending*)
        Nonprofit Legal Services of Utah
        623 East 2100 South, Suite B1
        Salt Lake City, Utah 84106
        (385) 419-4111
        (801) 401-3504 - fax
        aaron@nonprofitlegalsevices.com

        Attorneys for Plaintiff

Dated: May 1, 2023