Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                                        Attorneys for Defendant
Fax: (570) 602-3561                                       City of Pittston

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS BRUCE,** | |
| **Plaintiff,** | **CIVIL ACTION - LAW** |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| | **THE HONORABLE** |
| **CITY OF PITTSTON, PENNSYLVANIA,** | **KAROLINE MEHALCHICK** |
| | **No. 3:23-cv-00711-KM** |
| **Defendant.** | |

## DEFENDANT CITY OF PITTSTON'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant City of Pittston (the "City"), by and through its undersigned counsel, hereby submits this amended answer and raises affirmative defenses to the complaint of Plaintiff Douglas Bruce ("Plaintiff") pursuant to Fed.R.Civ.P. 15(a)(1)(A) as follows:

## JURISDICTION AND VENUE

1.      Admitted in part; denied in part, including denied as stated.  It is admitted only that Plaintiff is a resident of El Paso County, Colorado.  By way of further response, Plaintiff maintains a mailing address of P.O. Box 26018, Colorado Springs, Colorado 80936 and a street address of 4345 Iron Horse Trail, Colorado Springs, Colorado 80917.  By way of further response, any suggestion that Plaintiff's

complaint advances legally sufficient, non-frivolous Constitutional claims against the City or that the City is liable to Plaintiff is specifically denied.

2.      Denied, including denied as stated.  The City is a Pennsylvania home rule municipality established pursuant to the Pennsylvania Home Rule Charter and Optional Plans Law.  By way of further response, any suggestion that the City is a proper party to these proceedings or is liable to Plaintiff is specifically denied.

## JURSIDICTION AND VENUE

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

## FACTS

7.      Admitted.  By way of further response, at no time has Plaintiff been divested for his fee simple interest in the property identified as P.I.N. 72-D11SE3-011-011-000 located at 385 North Main Street, City of Pittston, Pennsylvania 18640 (the "Property").  See Luzerne County Recorder of Deeds Instrument #201830674 attached hereto as Exhibit "A" at pp. 1-4.

8.      Denied as stated.  On June 25, 2019, the unsafe, dilapidated and vacant two-story building (the "Building") formerly situated upon the Property was demolished following repeated efforts by the City to compel Plaintiff to remediate

the Property. By way of further response, on September 18, 2014, the Building was condemned by the City "due to multiple, serious, persistent, unresolved violations" of the International Property Maintenance Code. On April 25, 2018, Thomas Leonard, P.E. of TGL Engineering, Inc. issued a report opining that the condition of the Building "presents a serious hazard to the public." On November 26, 2018, City Code Enforcement, Officer Harry Smith, issued an enforcement notice to Plaintiff directing that the Building be razed within thirty (30) days in accordance with § 110.1 of the Property Maintenance Code, advising Plaintiff that he was twenty (20) days to exercise his appellate rights through the City of Pittston Property Maintenance Code Appeals Board, and notifying Plaintiff that his "[f]ailure to comply may result in the issuance of a non-traffic citation for each violation of the property maintenance code for day offense continues" and that "[u]pon conviction, a fine of not less than $500.00 or more than $2,500.00 and court costs will be imposed per violation, and a lien may be placed upon the property." On April 16, 2019, Thomas Leonard, P.E. of TGL Engineering, Inc. issued a supplemental report opining that "the building continues to present hazards to the general public," including "physical injury (wall failure/loose shingles), fire (trespassers), mold (stormwater infiltration) and disease (animal carcasses)" and recommended "demolition of the structure for health and safety of the general public." On May 8, 2019, Mr. Smith issued a second enforcement notice to Plaintiff, via certified mail

and personal service through the El Paso County Sheriff's Office, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being charged against the real estate." The May 8, 2019, enforcement notice also informed Plaintiff that he had twenty (20) days to appeal the enforcement action through the City of Pittston Property Maintenance Code Appeals Board, as set forth in § 111 of the Property Maintenance Code. See April 25, 2018, report of Thomas Leonard, P.E. of TGL Engineering, Inc. attached hereto as Exhibit "V" at p. 1; see also March 20, 2019, report of Thomas Leonard, P.E. of TGL Engineering, Inc. attached hereto as Exhibit "W" at p. 1; see also April 16, 2019, report of Thomas Leonard, P.E. of TGL Engineering, Inc. attached hereto as Exhibit "X" at p. 1; see also November 26, 2018, enforcement notice attached hereto as Exhibit "Y" at pp. 1-8; see also May 8, 2019, enforcement notice, certified mail return receipt and sheriff return of serve attached to as Exhibit "B" at pp. 1-8.

9.      Denied. On May 8, 2019, City Code Enforcement Officer Harry Smith ("Mr. Smith") issued an enforcement notice to Plaintiff, <u>via</u> certified mail and personal service through the El Paso County Sheriff, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being charged against the real estate." <u>See</u> Exhibit "B" at pp. 1-8.

10.     Denied. On May 8, 2019, Mr. Smith issued an enforcement notice to Plaintiff, <u>via</u> certified mail and personal service by sheriff, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being

charged against the real estate." See Exhibit "B" at pp. 1-8. By way of further

response, the May 8, 2019, enforcement notice also informed Plaintiff that he had

twenty (20) days to appeal the enforcement action through the City of Pittston

Property Maintenance Code Appeals Board, as set forth in § 111 of the International

Property Maintenance Code. Id. By way of further response, Plaintiff was served

with and responded to the citations issued by the City and was served with the Orders

of Sentence issued by Magisterial District Judge Alexandra Kokura-Kravitz

imposing the complained of fines. See Magisterial District Court docket for case

No. MJ-11104-NT-0000015-2019 attached hereto as Exhibit "C" at pp. 1-3; see also

Magisterial District Court docket for case No. MJ-11104-NT-0000023-2019

attached hereto as Exhibit "D" at pp. 1-3; see also Magisterial District Court docket

for case No. MJ-11104-NT-0000134-2019 attached hereto as Exhibit "E" at pp. 1-

3; see also Magisterial District Court docket for case No. MJ-11104-NT-0000133-

2019 attached hereto as Exhibit "F" at pp. 1-3; see also Magisterial District Court

docket for case No. MJ-11104-NT-0000270-2019 attached hereto as Exhibit "G" at

pp. 1-3; see also Magisterial District Court docket for case No. MJ-11104-NT-

0000364-2019 attached hereto as Exhibit "H" at pp. 1-3; see also Magisterial District

Court docket transcript for case No. MJ-11104-NT-0000364-2019 attached hereto

as Exhibit "Z" at pp. 1-2; see also January 17, 2019, motion to dismiss attached

hereto as Exhibit "I" at pp 1-4; see also February 8, 2019, renewed motion to dismiss

attached hereto as Exhibit "J" at pp 1-4; see also April 3, 2019, re-renewed motion to dismiss attached hereto as Exhibit "K" at p. 1; see also April 16, 2019, re-re-re-re-renewed motion to dismiss attached hereto as Exhibit "L" at pp. 1-3; see also May 23, 2019, Order Imposing Sentence in case No. MJ-11104-NT-0000015-2019 attached hereto as Exhibit "M" at pp. 1-2; see also May 23, 2019, Order Imposing Sentence in case No. MJ-11104-NT-0000023-2019 attached hereto as Exhibit "N" at pp. 1-2; see also May 23, 2019, Order Imposing Sentence in case No. MJ-11104-NT-0000133-2019 attached hereto as Exhibit "O" at pp. 1-2; see also May 23, 2019, Order Imposing Sentence in case No. MJ-11104-NT-0000134-2019 attached hereto as Exhibit "P" at pp. 1-2; see also May 23, 2019, Order Imposing Sentence in case No. MJ-11104-NT-0000270-2019 attached hereto as Exhibit "Q" at pp. 1-2; see also Resolution Number 12275 attached hereto as Exhibit "S" at pp. 1-3; see also International Property Maintenance Code, Chapter 1 attached hereto as Exhibit "T" at p. 1-10; see also Code of the City of Pittston, Chapter 370 attached hereto as Exhibit "U" at pp. 1-4.

11.    Denied.

12.    Denied.  On May 8, 2019, Mr. Smith issued an enforcement notice to Plaintiff, via certified mail and personal service through the El Paso County Sheriff, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and

dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being charged against the real estate." See Exhibit "B" at pp. 1-8. By way of further response, the May 8, 2019, enforcement notice also informed Plaintiff that he had twenty (20) days to appeal the enforcement action through the City of Pittston Property Maintenance Code Appeals Board, as set forth in § 111 of the International Property Maintenance Code. Id.

13.     Denied.

14.     Denied. By way of further response, on or about October 22, 2012, Plaintiff, through a straw person, purchased the Property for $17,500.00 from Deutsche Bank National Trust Company. See Luzerne County Recorder of Deeds Instrument #6033714 attached hereto as Exhibit "R" at p. 1; see also Exhibit "A" at p. 4.

15.     Denied. On May 8, 2019, Mr. Smith issued an enforcement notice to Plaintiff, via certified mail and personal service through the El Paso County Sheriff, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and

dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being charged against the real estate." See Exhibit "B" at pp. 1-8. By way of further response, the May 8, 2019, enforcement notice also informed Plaintiff that he had twenty (20) days to appeal the enforcement action through the City of Pittston Property Maintenance Code Appeals Board, as set forth in § 111 of the International Property Maintenance Code. Id.

**COUNT I**
**DEPRIVATION OF PROPERTY**
**UNDER FIFTH AND FOURTEENTH AMENDMENTS**

16. Denied. Paragraph 16 is an incorporation paragraph to which no response is required. To the extent a response may be required said averments are specifically denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22.   Denied.

23.   Denied.

**WHEREFORE**, Defendant City of Pittston respectfully requests this Court

dismiss the complaint of Plaintiff Douglas Bruce with prejudice.

## COUNT II
## VIOLATION OF PROCEDURAL DUE PROCESS
## <u>UNDER FIFTH AND FOURTEENTH AMENDMENTS</u>

24.   Denied.   Paragraph 24 is an incorporation paragraph to which no

response is required.  To the extent a response may be required said averments are

specifically denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

**WHEREFORE**, Defendant City of Pittston respectfully requests this Court

dismiss the complaint of Plaintiff Douglas Bruce with prejudice.

## COUNT III
## <u>VIOLATION OF SUBSTANTIVE DUE PROCESS</u>

31.    Denied.   Paragraph 31 is an incorporation paragraph to which no response is required.  To the extent a response may be required said averments are specifically denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

**WHEREFORE**, Defendant City of Pittston respectfully requests this Court dismiss the complaint of Plaintiff Douglas Bruce with prejudice.

## COUNT IV
## <u>VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS</u>

40.    Denied.   Paragraph 40 is an incorporation paragraph to which no response is required.  To the extent a response may be required said averments are specifically denied.

41.    Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**WHEREFORE**, Defendant City of Pittston respectfully requests this Court dismiss the complaint of Plaintiff Douglas Bruce with prejudice.

## AFFIRMATIVE DEFENSES

51. Plaintiff's complaint fails to state a claim upon which relief may be granted.

52. Plaintiff's claims are barred by the applicable statute of limitations.

53. Plaintiff's claims are barred, in whole or in part, by the statute of limitations because Plaintiff was aware, no later than June 26, 2019, that the Building was demolished. See Dylan Fearon, *Property owner of demolished Pittston Pub says he's suing city,* Fox 56 Wolf, (June 26, 2019), https://fox56.com/news/local/property-owner-of-demolished-pittston-pub-says-

hes-suing-city; see also Conrad Swanson, *Douglas Bruce lashes out after town demolishes his building*, The Gazette, (June 27, 2019), https://gazette.com/news/douglas-bruce-lashes-out-after-town-demolishes-his-building/article_a7ba8222-983e-11e9-a854-ab831a96f4e1.html.

54.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations because Plaintiff was served with Magisterial District Judge Alexandra Kokura Kravitz's Orders imposing the complained of fines on May 23, 2019.

55.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations because Plaintiff acknowledged the fines imposed in a June 27, 2019, interview, and was quoted as follows: "Of the magistrate who handled his municipal citation convictions, Bruce said: 'She's a slob; she's incompetent; she's a political hack,'" and insists "that the City's actions were illegal, that future liens would similarly be illegal, and he refused to pay them." See Conrad Swanson, *Douglas Bruce lashes out after town demolishes his building*, The Gazette, (June 27, 2019), https://gazette.com/news/douglas-bruce-lashes-out-after-town-demolishes-his-building/article_a7ba8222-983e-11e9-a854-ab831a96f4e1.html;     see     also Associated Press, *Douglas Bruce convicted of citations in Pennsylvania*, The Durango Herald, (May 24, 2019), https://www.durangoherald.com/articles/douglas-bruce-convicted-of-citations-in-pennsylvania/.

56. Plaintiff's Fifth Amendment claim brought under the Due Process Clause fails as a matter of law because Plaintiff does not complain of any action of the federal government.

57. Plaintiff's Fifth Amendment claim brought under the Takings Clause fails as a matter of law because Plaintiff owns the Property and has not been deprived of its economic benefit.

58. Plaintiff's Fifth Amendment claim brought under the Takings Clause fails as a matter of law because the demolition of the Building was a valid exercise of the City's police powers.

59. Plaintiff's Fourteenth Amendment pre-deprivation procedural due process claim fails as a matter of law because Plaintiff was provided with notice and an opportunity to be heard.

60. Plaintiff's Fourteenth Amendment pre-deprivation procedural due process claim fails as a matter of law because Plaintiff failed to avail himself of the pre-deprivation processes that were available to him under the International Property Maintenance Code as adopted by the City of Pittston Code.

61. Plaintiff's Fourteenth Amendment post-deprivation claim fails because he was afforded constitutionally adequate pre-deprivation process.

62.     Plaintiff's Fourteenth Amendment post-deprivation claim fails because Plaintiff failed to avail himself of state remedies available to him under the Pennsylvania Eminent Domain Code.

63.     Plaintiff's Fourteenth Amendment procedural due process claims fails because Plaintiff's due process rights were not violated.

64.     Plaintiff's Fourteenth Amendment substantive due process claim fails as a matter of law because the demolition of Plaintiff's unsafe Building was rationally related to a legitimate state interest.

65.     Plaintiff's Fourteenth Amendment substantive due process claim fails as a matter of law because the demolition of Plaintiff's unsafe Building does not shock the conscience.

66.     Plaintiff's Fourteenth Amendment substantive due process claim is barred by the more specific provision rule.

67.     Plaintiff's Eighth Amendment claims brought under the Excessive Fines Clause are barred, in whole or in part, by the Rooker-Feldman doctrine.

68.     Plaintiff's Eighth Amendment claims brought under the Excessive Fines Clause are barred, in whole or in part, because they are not ripe.

69.     Plaintiff's Eighth Amendment claims brought under the Excessive Fines Clause fail as a matter of law because the subject fines are not grossly disproportionate to the offense committed.

70.     Plaintiff's <u>Monell</u> or municipal liability claims fail to state a claim upon which relief may be granted.

71.     Plaintiff's <u>Monell</u> or municipal liability claims fail for lack of an actionable underlying constitutional claim.

72.     Plaintiff's <u>Monell</u> or municipal liability claims fail for lack of an actual custom, habit, policy or practice that allegedly resulted in the alleged adverse action.

73.     Plaintiff is not entitled to the recovery of attorneys' fee and costs.

**WHEREFORE**, Defendant City of Pittston respectfully requests this Court dismiss the complaint of Plaintiff Douglas Bruce, with prejudice.

Respectfully submitted,

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561
Email: jjj@joycecarmody.com
          jm@joycecarmody.com

DATED:  May 31, 2023

Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560                          Attorneys for Defendant
Fax: (570) 602-3561                          City of Pittston

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS BRUCE,** | |
| **Plaintiff,** | **CIVIL ACTION - LAW** <br> **JURY TRIAL DEMANDED** |
| **v.** | |
| | **THE HONORABLE** <br> **KAROLINE MEHALCHICK** |
| **CITY OF PITTSTON,** <br> **PENNSYLVANIA,** | |
| | **No. 3:23-cv-00711-KM** |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

I, Joseph J. Joyce, III, hereby certify that a true and correct copy of the

foregoing amended answer and affirmative defenses to Plaintiff's complaint was

served upon the following parties and/or counsel of record <u>via</u> ECF as follows:

> Danielle M. Mulcahey
> **Wright, Reihner & Mulcahey**
> 148 Adams Avenue
> Scranton, PA 18503
> Email: dmmulcahey@wrightreihner.com

Aaron C. Garrett
**Nonprofit Legal Services of Utah**
623 East 2100 South, Suite B1
Salt Lake City, UT 84106
Email: aaron@nonprofitlegalservices.com

*Attorneys for Plaintiff Douglas Bruce*


                            *s/ Joseph J. Joyce, III*
                            Joseph J. Joyce, III

DATED:  May 31, 2023