Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant
City of Pittston

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS BRUCE,**<br><br>            **Plaintiff,**<br><br>   **v.**<br><br>**CITY OF PITTSTON,<br>PENNSYLVANIA,**<br><br>            **Defendant.** | **CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED**<br><br>**THE HONORABLE<br>KAROLINE MEHALCHICK**<br><br>**No. 3:23-cv-00711-KM** |

## DEFENDANT CITY OF PITTSTON'S BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 11</u>

Respectfully Submitted,

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III
Jennifer Menichini
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561
Email: jjj@joycecarmody.com
        jm@joycecarmody.com

*Attorneys for Defendant
City of Pittston*

DATED: June 15, 2023

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... I

TABLE OF AUTHORITIES............................................................ III

I.   PROCEDURAL/FACTUAL HISTORY ...................................... 1

   A.  Procedural History. ....................................................... 1

   B.  Factual Background. ...................................................... 3

II.  ARGUMENT ............................................................... 10

   A.  Standard. ................................................................. 10

   B.  Plaintiff's Constitutional Claims Are Objectively Meritless, Groundless
   And Frivolous And Plaintiff's Refusal To Withdraw The Same Constitutes
   Sanctionable Conduct............................................................ 12

      1.  Plaintiff's Fifth, Eighth And Fourteenth Amendment Claims Based On
      The Demolition Of The Building Are Barred By The Statute Of Limitations...
      ........................................................................... 12

      2.  Plaintiff's Excessive Fines Clause Claims Under The Eighth Amendment
      Related To The May 23, 2019, Imposition Of Five (5) Fines By Magisterial
      District Judge Alexandra Kokura-Kravitz Are Barred By The Statute Of
      Limitations. .............................................................. 15

      3.  The Unimposed Fine Related To Magisterial District Court Docket No.
      MJ-11104-NT-0000364-2019 Is Not Ripe As It Has Not Yet Been Imposed...
      ........................................................................... 18

      4.  Plaintiff's Fourteenth Amendment Due Process Claim Is Based On A
      False Representation To The Court. ........................................ 19

   C.  Irrespective Of The Conspicuous Omissions From And Misrepresentations
   Contained In Plaintiff's Complaint Designed To Put Forward Plausible
   Constitutional Claims, The Same Fail Substantively. ....................... 22

1.   Plaintiff's Fifth Amendment Takings Clause Claim Fails As A Matter Of Law Because The Demolition Of The Building Occurred Incident To The City's Exercise Of Its Police Power And, Therefore, The Demolition Does Not Constitute A Taking Within The Meaning Of The Fifth Amendment.... 22

2.   Plaintiff's Fifth Amendment Takings Clause Claim Fails As A Matter Of Law Because Plaintiff Maintains Title To And Possession Of The Property. ....................................................................................................... 23

3.   Plaintiff's Fifth Amendment Due Process Clause Claim Fails As A Matter Of Law. ............................................................................ 24

4.   Plaintiff's Post-Deprivation Procedural Due Process Claim Fails As A Matter Of Law............................................................................ 25

5.   Plaintiff's Fourteenth Amendment Substantive Due Process Claim Fails As A Matter Of Law. ................................................................ 26

6.   Plaintiff's Eighth Amendment Excessive Fines Clause Claims Based On Fines Imposed By The Magisterial District Court Are Barred By The Rooker-Feldman Doctrine............................................................. 27

7.   Demolition of A Derelict Building In Accordance With The Property Maintenance Code Does Not Constitute Punishment For A Criminal Offense. ....................................................................................... 28

8.   Punitive Damages Are Not An Available Remedy Against The City. ..... 28

D.  Dismissal Of Plaintiff's Complaint With Prejudice And An Award Of Attorney's Fees Paid By Plaintiff To The City Is An Appropriate Sanction. ... 29

III. CONCLUSION............................................................................ 32

# TABLE OF AUTHORITIES

3909 Realty LLC v. City of Philadelphia,
    No. CV 21-0030, 2021 WL 2342929 (E.D. Pa. June 8, 2021)................22, 24

Alvin v. Suzuki,
    227 F.3d 107 (3d Cir. 2000)...................................................19, 20

Appeal of Kramer,
    919 F.2d 135 (3d Cir. 1990)...........................................................13

Bloomfield Condo. Assocs., LLC v. Drasco,
    No. CIV.A.08-6159 (KSH), 2010 WL 2652465 (D.N.J. June 25, 2010).......14

Bruce v. City & Cnty. of Denver,
    No. 1:20-CV-02099-RBJ, 2021 WL 4521899 (D. Colo. Oct. 4, 2021).........27

Bruce v. City of Miamisburg, Ohio,
    No. 3:21-CV-80, 2023 WL 184010 (S.D. Ohio Jan. 13, 2023).......................3

Bruce v. City of Miamisburg, Ohio,
    No. 3:21-CV-80, 2023 WL 184010 (S.D. Ohio Jan. 13, 2023)......................13

Bush v. City of Scranton,
    No. 3:CV-11-0670, 2013 WL 5465334 (M.D. Pa. Sept. 30, 2013)...............24

City of Chicago v. Equte LLC,
    No. 21 C 518, 2022 WL 2132630 (N.D. Ill. June 14, 2022)..........................18

City of Newport v. Fact Concerts, Inc.,
    453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)...............................28

Del Giudice v. S.A.C. Cap. Mgmt., LLC,
    No. CIV. A. 06-1413 SRC, 2009 WL 424368
    (D.N.J. Feb. 19, 2009)......................................................10, 29, 31

Donovan v. Pittston Area Sch. Dist.,
    218 F. Supp. 3d 304 (M.D. Pa. 2016)................................................19-20, 21

Ferreri v. Fox, Rothschild, O'Brien & Frankel,
    690 F. Supp. 400 (E.D. Pa. 1988)...................................................30

Fisher v. Pratt,
    No. CV 19-273 (NLH/KMW), 2020 WL 773262 (D.N.J. Feb. 18, 2020).....24

Florimonte v. Borough of Dalton,
    No. 3:CV-14-0341, 2014 WL 3114071 (M.D. Pa. July 7, 2014)..............25

Gaiardo v. Ethyl Corp.,
    835 F.2d 479 (3d Cir. 1987)........................................................14

Gardner v. McGroarty,
    68 F. App'x 307 (3d Cir. 2003)..............................................20, 21

Harmon v. Sussex Cnty.,
    No. CV 17-1817-RGA, 2019 WL 4344635 (D. Del. Sept. 12, 2019)...........26

John Corp. v. City of Houston,
    214 F.3d 573 (5th Cir. 2000)......................................................28

Kaucher v. Cnty. of Bucks,
    455 F.3d 418 (3d Cir. 2006)......................................................26

Keister v. PPL Corp.,
    318 F.R.D. 247 (M.D. Pa. 2015)..................................................31

Lieb v. Topstone, Indus., Inc.,
    788 F.2d 151 (3d Cir. 1986)......................................................29

Madar v. City of Philadelphia,
    No. CV 19-6033, 2021 WL 2156362 (E.D. Pa. May 27, 2021)....................26

Martin v. Pennsylvania,
    No. 1:18-CV-1904, 2019 WL 12054772 (M.D. Pa. Aug. 7, 2019)..............27

Matthews v. Freedman,
    128 F.R.D. 194 (E.D. Pa. 1989)...........................13, 14, 17, 18, 22

Mulholland v. Gov't Cnty. of Berks, Pa.,
    706 F.3d 227 (3d Cir. 2013)..............................................................13, 17

Munoz v. City of Union City,
    481 F. App'x 754 (3d Cir. 2012)..................................................................24

Perano v. Twp. Of Tilden,
    423 F. App'x 234 (3d Cir. 2011)..................................................................25

Soppick v. Borough of W. Conshohocken,
    118 F. App'x 631 (3d Cir. 2004)..................................................................12

Stacey v. City of Hermitage,
    178 F. App'x 94 (3d Cir. 2006)....................................................................12

Stein v. City of Philadelphia,
    994 F. Supp. 2d 660 (E.D. Pa. 2014)............................................................26

Texas v. United States,
    523 U.S. 296, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998)..............................18

Thomas v. Union Carbide Agricultural Products Co.,
    473 U.S. 568, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985)..............................18

Tillman v. Lebanon Cnty. Corr. Facility,
    221 F.3d 410 (3d Cir. 2000)........................................................................28

Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc.,
    67 F. Supp. 3d 637 (D. Del. 2014)...............................................................31

Walker v. Brittain,
    No. 1:22-CV-00965, 2022 WL 4454525 (M.D. Pa. Sept. 23, 2022)........24-25

Whittaker v. Cnty. of Lawrence,
    674 F. Supp. 2d 668 (W.D. Pa. 2009)…….................................................26

Young v. Smith,
    269 F. Supp. 3d 251 (M.D. Pa. 2017)..............................14-15, 18, 22, 29, 30

Defendant City of Pittston (the "City") hereby submits this brief in support of its motion for sanctions pursuant to Federal Rule of Civil Procedure 11.

## I.   PROCEDURAL/FACTUAL HISTORY

### A.   Procedural History.

On May 1, 2023, Plaintiff filed a four (4) count civil rights complaint against the City asserting claims, through 42 U.S.C. § 1983, for the alleged violation of his rights under the Fifth, Eighth and Fourteenth Amendments. See (Doc. 1), generally.

Count I contains a claim for the alleged violation of Plaintiff's rights under the Takings Clause of the Fifth Amendment arising out of the June 25, 2019, demolition of a building (the "Building") formerly situated upon Plaintiff's property located at 385 North Main Street, City of Pittston, Pennsylvania 18640 (the "Property"). Id. at ¶¶ 13, 22; see also (Doc. 26-34) at pp. 2-3.  Count II asserts claims for the alleged violation of Plaintiff's procedural due process rights under the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment arising out of the demolition of the Building. Id. at ¶¶ 13, 26, 29.  Count III asserts a claim for the alleged violation of Plaintiff's substantive due process rights under the Fourteenth Amendment arising out of the demolition of the Building. Id. at ¶¶ 13, 32, 38.  Count IV asserts a claim for the alleged violation of the Excessive Fines Clause of the Eighth Amendment arising out of the demolition of the Building and the issuance of five (5)

1

fines by Magisterial District Judge Alexandra Kokura Kravitz.  Id. at ¶¶ 11, 41, 44, 47-49.

On May 18, 2023, the City issued a safe harbor notice to Plaintiff's counsel in conformity with Fed.R.Civ.P. 11(c)(2) seeking the withdrawal of Plaintiff's complaint.  See (Doc. 26-41) at pp. 2-34.  On May 25, 2023, Plaintiff's counsel, Aaron C. Garrett, provided the following response to the City's safe harbor notice:

> Before this case moves any farther down the road, we need to address your Rule 11 letter.  I have spoken to our client regarding the information and argument contained in your draft Rule 11 motion, and without revealing client confidences, suffice it to say that there is a difference of opinion between myself and Mr. Bruce regarding its validity.  I have told Mr. Bruce that the Complaint needs to be withdrawn, but he will not agree to its withdrawal.  However, he will agree to allowing Danielle and myself to withdraw from representing him in the case.
>
> Would you stipulate to a motion for Danielle and I to withdraw from the case, and would that address your concerns with the Rule 11 letter?  You could then proceed to defend the case in whatever manner you see fit, with Mr. Bruce proceeding pro se.
>
> Please let me know your thoughts.

See (Doc. 26-42) at p. 2.  On May 31, 2023, Plaintiff's counsel filed a Stipulated Motion to Withdraw as Counsel, which was granted by the Court on June 7, 2023.  See (Doc. 12) at pp. 1-6; see also (Doc. 18) at p. 1.

On June 1, 2023, the City filed a case dispositive motion for judgment on the pleadings.[1] See (Doc. 14) at p. 1; see also (Doc. 17), generally. On June 2, 2023, the City filed its supporting brief. see also (Doc. 17), generally.

On June 9, 2023, following the expiration of the safe harbor period, the City filed the instant motion for sanctions due to Plaintiff's refusal to permit his counsel to withdraw his complaint. See (Doc. 25), generally; see also (Doc. 26-42) at p. 2.

**B.      Factual Background.**

Plaintiff is a resident of El Paso County, Colorado. See (Doc. 1) at ¶¶ 1, 7. Plaintiff, who identifies himself as an Attorney, has "46 years of experience in property ownership and… currently owns 50 properties across the country." Bruce v. City of Miamisburg, Ohio, No. 3:21-CV-80, 2023 WL 184010, at *4 (S.D. Ohio Jan. 13, 2023); see also (Doc. 1) at ¶ 46 (alleging that "Plaintiff is a former Deputy District Attorney").

On or about October 22, 2012, Plaintiff, through a straw person, purchased the Property for $17,500.00 from Deutsche Bank National Trust Company, but seeks in excess of $500,000.00 in damages for the demolition of the Building on the Property. See (Doc. 26-1) at pp. 2-5; see also (Doc. 26-2) at pp. 2-5; see also (Doc. 1) at ad damnum (demanding "not less than $500,000.00" in damages).

---

[1]      The instant motion also advances arguments based on the statute of limitations and the evidence supporting same that cannot currently be raised at this procedural posture to be considered through a motion for judgment on the pleadings.

The Code of the City of Pittston incorporates and adopts the International Property Maintenance Code as the property maintenance code ("Property Maintenance Code") for the City, for the purposes of "regulating and governing the conditions and maintenance of all property, buildings and structures." See (Doc. 26-4) at pp. 2-6; see also (Doc. 26-6) at pp. 2-11.

On September 18, 2014, the Building was condemned by the City "due to multiple, serious, persistent, unresolved violations" of the International Property Maintenance Code. See (Doc. 26-3) at p. 2.

On April 25, 2018, Thomas Leonard, P.E. of TGL Engineering, Inc. issued a report opining that the condition of the Building "presents a serious hazard to the public." See (Doc. 26-5) at p. 2.

On November 26, 2018, City Code Enforcement Officer Harry Smith ("Mr. Smith"), issued an enforcement notice to Plaintiff directing that the Building be razed within thirty (30) days in accordance with § 110.1 of the Property Maintenance Code, advising Plaintiff that he had twenty (20) days to exercise his appellate rights through the City of Pittston Property Maintenance Code Appeals Board, and notifying Plaintiff that his "[f]ailure to comply may result in the issuance of a non-traffic citation for each violation of the property maintenance code for [each] day [the] offense continues" and that "[u]pon conviction, a fine of not less than $500.00 or

more than $2,500.00 and court costs will be imposed per violation, and a lien may be placed upon the property." See (Doc. 26-3) at 2-9.

Despite being provided notice ordering the demolition of the Building, Plaintiff failed to do so within the time required, and as a result, beginning on January 4, 2019, and concluding on March 29, 2019, Mr. Smith issued Plaintiff a total of six (6) non-traffic citations due to his failure to comply with § 110.1 of the Property Maintenance Code, which violations carried a fine, if convicted, of $1,000.00 each. See (Doc. 26-7) at p. 2; see also (Doc. 26-8) at pp. 2-4; see also (Doc. 26-9) at p. 2; see also (Doc. 26-10) at pp. 2-4; see also (Doc. 26-11) at p. 2; see also (Doc. 26-12) at pp. 2-4; see also (Doc. 26-13) at p. 2; see also (Doc. 26-14) at pp. 2-4; see also (Doc. 26-15) at p. 2; see also (Doc. 26-16) at pp. 2-4; see also (Doc. 26-17) at p. 2; see also (Doc. 26-18) at p. 2.

On or about January 17, 2019, Plaintiff submitted a "motion to dismiss" in Magisterial District Court docket Nos. MJ-11104-NT-0000015-2019 (January 4, 2019, non-traffic citation R2456420-1) and MJ-11104-NT-0000023-2019 (January 8, 2019, non-traffic citation R2456425-6) to Magisterial District Judge Alexandra Kokura Kravitz ("Judge Kokura Kravitz"), challenging the citations and disparaging the Court. See (Doc. 26-19) at pp. 2-5 (arguing that the code enforcement "proceeding is unworthy of a banana republic" and requesting that this "nonsense 'case' be dismissed").

On or about February 8, 2019, Plaintiff submitted a "renewed motion to dismiss" supplementing his prior motion to dismiss to address the non-traffic citations filed at Magisterial District Court docket Nos. MJ-11104-NT-0000133-2019 (January 25, 2019, non-traffic citation R2456435-2) and MJ-11104-NT-0000134-2019 (January 24, 2019, Non-Traffic Citation R2456434-1), and again disparaging the Court. <u>See</u> (Doc. 26-20) at pp. 2-5 (calling the proceedings "patently absurd" and stating that it "suggests a kangaroo court proceeding, but that would be a slur on kangaroos").

On or about April 3, 2019, Plaintiff submitted a "re-renewed motion to dismiss" supplementing his prior motions to address the non-traffic citation filed at Magisterial District Court docket No. MJ-11104-NT-0000270-2019 (March 19, 2019, non-traffic citation R2456493-4). <u>See</u> (Doc. 26-21) at p. 2.

On or about April 16, 2019, Plaintiff submitted a "re-re-re-re-renewed motion to dismiss" supplementing his prior motions to address the non-traffic citation filed at Magisterial District Court docket No. MJ-11104-NT-0000364-2019 (March 29, 2019, non-traffic citation R2455557-6), continuing to disparage the Court but also including an *ad hominem* attacks against Judge Kokura Kravitz. <u>See</u> (Doc. 26-22) at pp. 2-4 (stating that "I can't believe Ms. Kravitz is a real judge who has read the U.S. Constitution. Maybe the janitor is setting trial using her name").

On or about April 20, 2019, Plaintiff acknowledged, during a media interview, receiving six (6) citations each carrying a $1,000.00 fine. See (Doc. 26-23) at pp. 2-12.

On May 23, 2019, Magisterial District Judge Alexandra Kokura Kravitz found Plaintiff guilty, *in absentia*, in case Nos. MJ-11104-NT-0000015-2019, MJ-11104-NT-0000023-2019, MJ-11104-NT-0000133-2019, MJ-11104-NT-0000134-2019 and MJ-11104-NT-0000270-2019 and imposed a total of $5,000.00 in fines and assessed $405.25 in court costs. See (Doc. 26-24) at pp. 2-3; see also (Doc. 26-25) at pp. 2-3; see also (Doc. 26-26) at pp. 2-3; see also (Doc. 26-27) at pp. 2-3; see also (Doc. 26-28) at pp. 2-3.

On May 23, 2019, Plaintiff was served through the court with Judge Kokura Kravitz's five (5) Orders Imposing Sentence. See (Doc. 26-24) at pp. 2-3; see also (Doc. 26-25) at pp. 2-3; see also (Doc. 26-26) at pp. 2-3; see also (Doc. 26-27) at pp. 2-3; see also (Doc. 26-28) at pp. 2-3.

Plaintiff acknowledged the fines imposed in a media interview and continued the *ad hominem* attacks on Judge Kokura Kravitz, and was quoted as follows: "Of the magistrate who handled his municipal citation convictions, Bruce said: 'She's a slob; she's incompetent; she's a political hack,'" and insisted "that the City's actions were illegal, that future liens would similarly be illegal, and he refused to pay them." See (Doc. 26-29) at pp. 2-8; see also (Doc. 26-38) at p. 2.

7

No fine and/or sentence has been imposed by Judge Kokura Kravitz in docket No. MJ-11104-NT-0000364-2019 due Plaintiff's failure to enter a plea.  See (Doc. 26-30) at pp. 2-3.

On April 16, 2019, Thomas Leonard, P.E. issued a supplemental report opining that "the building continues to present hazards to the general public," including "physical injury (wall failure/loose shingles), fire (trespassers), mold (stormwater infiltration) and disease (animal carcasses)" and recommended "demolition of the structure for health and safety of the general public."  See (Doc. 26-31) at p. 2.

On May 8, 2019, Mr. Smith issued a second enforcement notice to Plaintiff, via certified mail and personal service through the El Paso County Sheriff's Office, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property by the City of Pittston with all costs being charged against the real estate."  See (Doc. 26-32) at pp. 2-9.  The May 8, 2019, enforcement notice also informed Plaintiff that he had twenty (20) days to appeal the enforcement action through the City of Pittston Property Maintenance

Code Appeals Board, as set forth in § 111 of the Property Maintenance Code.  Id. at p. 4.

Plaintiff did not timely appeal the enforcement action to the City of Pittston Property Maintenance Code Appeals Board or demolish the Building.

On June 24, 2019, City Council unanimously passed Resolution Number 12275 legislatively authorizing the demolition of the Building.  See (Doc. 26-33) at pp. 2-4.

The Building on the Property was demolished by the City on June 25, 2019. See (Doc. 26-37) at pp. 2-3; see also (Doc. 26-23) at pp. 2-12; see also (Doc. 26-34) at pp. 2-5.

No later than June 26, 2019, Plaintiff was aware that the Building was demolished, but did not file this action until nearly four (4) years later.  Id.; see also (Doc. 26-29) at pp. 2-8; see also (Doc. 1), generally (complaint filed on May 1, 2023, which is approximately 3 years and 10 months after Plaintiff learned of demolition and imposition of the fines).  Specifically, on June 26, 2019, Plaintiff told Fox56 News that he intended on suing the City for demolishing the Building, that it would be "an easy win," and that the City is "going to pay dearly."  See (Doc. 26-34) at pp. 2-5.  Additionally, on or about June 27, 2019, Plaintiff told Conrad Swanson of *The Gazette*, that "[t]he building was demolished without due process" and that he was

looking "to find a Pennsylvania attorney to sue them in federal court." See (Doc. 26-29) at pp. 2-8.

## II.   ARGUMENT

### A.   Standard.

"Rule 11 imposes an affirmative duty on an attorney and/or a party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court." Del Giudice v. S.A.C. Cap. Mgmt., LLC, No. CIV. A. 06-1413 SRC, 2009 WL 424368, at *6–7 (D.N.J. Feb. 19, 2009).

In relevant part, Rule 11 provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...

Id. (citing Fed.R.Civ.P. 11(b)(1)-(3)).

"In determining whether a party or attorney has violated the duties of Rule 11, the Court must apply an objective standard of reasonableness under the circumstances." Id. "The Third Circuit has held that '[a]n inquiry is considered reasonable under the circumstances if it provides the party with 'an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact.'" Id.

"Rule 11 authorizes a court 'to impose an appropriate sanction' on an attorney and/or party found to have violated the obligations of the rule." Id. "In this way, the rule seeks 'to curb abusive litigation tactics and misuse of the court's process.'" Id. "The sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" Id. "Appropriate sanctions may include directives of a non-monetary nature, orders to pay a penalty into court, an award of attorneys' fees and costs, or even dismissal of a case." Id.

"If a party chooses to bring a motion for sanctions under Rule 11, it must first serve the motion on the party and/or attorney against whom sanctions are sought and then wait at least 21 days after service before filing the motion with the court." Id. "This 'safe-harbor' provision of Rule 11 permits the allegedly offending party or attorney an opportunity to withdraw the challenged pleading." Id.

**B.** **Plaintiff's Constitutional Claims Are Objectively Meritless, Groundless And Frivolous And Plaintiff's Refusal To Withdraw The Same Constitutes Sanctionable Conduct.**

   **1.** **Plaintiff's Fifth, Eighth And Fourteenth Amendment Claims Based On The Demolition Of The Building Are Barred By The Statute Of Limitations.**

On June 26, 2019, Plaintiff told Fox56 News that he intended on suing the City for demolishing the Building, that it would be "an easy win," and that the City is "going to pay dearly." See (Doc. 26-34) at pp. 2-4. On or about June 27, 2019, Plaintiff told Conrad Swanson of *The Gazette*, that "[t]he building was demolished without due process" and that he was looking "to find a Pennsylvania attorney to sue them in federal court." See (Doc. 26-29) at pp. 2-8.

"Under federal law, which governs the accrual of § 1983 claims, a § 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." Soppick v. Borough of W. Conshohocken, 118 F. App'x 631, 634 (3d Cir. 2004). The two-year statute of limitations applies to § 1983 claims. See Stacey v. City of Hermitage, 178 F. App'x 94, 100 (3d Cir. 2006) (two-year statute of limitations applies to § 1983 claims arising from the demolition of a structure).

Plaintiff's complaint – filed approximately three (3) years and ten (10) months after he knew the Building was demolished – conspicuously omits the date that the

Building was demolished or when Plaintiff learned of the demolition. See (Doc. 1), generally. This lack of candor is purposeful and designed to conceal the fact that Plaintiff's Fifth, Eighth and Fourteenth Amendment claims, brought through 42 U.S.C. § 1983, based on the allegedly unlawful demolition of the Building are time barred. Matthews v. Freedman, 128 F.R.D. 194, 198 (E.D. Pa. 1989), aff'd, 919 F.2d 135 (3d Cir. 1990), and aff'd sub nom. Appeal of Kramer, 919 F.2d 135 (3d Cir. 1990) (finding "[t]he filing of a Title VII claim clearly precluded by the applicable statute of limitations is legally frivolous, is not well grounded in fact, and is without factual or legal justification; the filing of such a claim cannot, therefore, be characterized as 'reasonable under the circumstances'" and holding that continuing to assert a time-barred Title VII claim warrants Rule 11 sanctions).

Plaintiff's Fifth, Fourteenth and Eighth Amendment claims related to the demolition of the Building accrued on June 26, 2019, i.e., when Plaintiff knew of the allegedly wrongful demolition, and are therefore barred by the two-year statute of limitations applicable to claims brough through 42 U.S.C. § 1983, which expired on June 28, 2021.[2] See Bruce v. City of Miamisburg, Ohio, No. 3:21-CV-80, 2023 WL 184010, at *5 (S.D. Ohio Jan. 13, 2023) (rejecting Plaintiff's statute of limitations arguments in a similar case and finding that "[i]f the Court followed Bruce's

---

[2]     "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 238 (3d Cir. 2013).

suggestions, any far-off and difficult to locate landlord could let their property fall into complete ruin and then sue the city that demolished the blight for a significant sum by simply ignoring their property entirely. This would leave local governments powerless to protect the health and safety of its communities from derelict and dangerous structures. The Court is not willing to endorse such a complete abdication of responsibility by property owners"); see also (Doc. 26-34) at pp. 2-5; see also (Doc. 26-29) at pp. 2-8.

Here, application of the law to the objective facts present in this case demonstrates that Plaintiff's Constitutional claims related to the demolition of the Building were at the time of filing foreclosed by existing law and conclusively unreasonable. See Matthews, 128 F.R.D. at 201 (stating that "arguments which ignore existing caselaw altogether are considered 'conclusively' unreasonable"); see also Bloomfield Condo. Assocs., LLC v. Drasco, No. CIV.A.08-6159 (KSH), 2010 WL 2652465, *5 (D.N.J. June 25, 2010) ("A careless filing without reasonable factual or legal grounds warrants sanctions, and they are warranted here").

As this Court is aware, Rule 11 imposes an obligation to 'Stop, Think, Investigate and Research' before filing papers either to initiate a suit or to conduct the litigation," which plainly did not occur here. See Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987) (recognizing that a "pure heart and empty head" is not a defense to sanctions under Rule 11); see also Young v. Smith, 269 F. Supp. 3d 251,

14

332 (M.D. Pa. 2017), aff'd, 905 F.3d 229 (3d Cir. 2018) ("Civil rights cases are not sweepstakes tickets").  Accordingly, the Court should find that Rule 11 was violated with respect to Plaintiff's Fifth, Fourteenth and Eighth Amendment claims related to the demolition of the Building.

> **2.     Plaintiff's Excessive Fines Clause Claims Under The Eighth Amendment Related To The May 23, 2019, Imposition Of Five (5) Fines By Magisterial District Judge Alexandra Kokura-Kravitz Are Barred By The Statute Of Limitations.**

Plaintiff's complaint does not identify with any specificity the fines he is complaining about, the date the fines were imposed by the Court or date that he learned that the fines were imposed.  See (Doc. 1), generally.  These omissions are not inadvertent as his excessive fines claims are also time barred.

Specifically, on or about April 20, 2019, Plaintiff acknowledged, during a media interview, to receiving six (6) citations each carrying a $1,000.00 fine.  See (Doc. 26-23) at pp. 2-12.  Plaintiff also provided the following quote during an interview on the same day:

> "Direct quote: These people are idiots," Bruce said. "They think they can demand that anybody in the would go to their Podunk little court that doesn't understand squat about the Constitution.
> …
>
> "I've written to them at length and explained to them that the charge is unintelligible," Bruce said. "These people are morons and they're going to find out that they have to obey

15

> the Constitution and they can't bulldoze a building just
> because it's empty."

Id. at p. 4. Plaintiff is referencing four (4) motions to dismiss he filed with the court

on January 17, 2019, February 8, 2019, April 3, 2019, and April 16, 2019, containing

*ad hominem* attacks directed at Judge Kokura-Kravitz and trivializing the

proceedings. See (Doc. 26-19) at pp. 2-5 (arguing that the code enforcement

"proceeding is unworthy of a banana republic" and requesting that this "nonsense

'case' be dismissed"); see also (Doc. 26-20) at pp. 2-5 (calling the proceedings

"patently absurd" and stating that it "suggests a kangaroo court proceeding, but that

would be a slur on kangaroos"); see also (Doc. 26-21) at p. 2 (requesting that the

court "[d]ismiss theses idiotic trash citations, go away, and leave defendant alone);

see also (Doc. 26-22) at pp. 2-4 (stating that "I can't believe Ms. Kravitz is a real

judge who has read the U.S. Constitution.  Maybe the janitor is setting trial using her

name").

On May 23, 2019, Judge Kokura Kravitz found Plaintiff guilty, *in absentia*, in

case Nos. MJ-11104-NT-0000015-2019, MJ-11104-NT-0000023-2019, MJ-11104-

NT-0000133-2019, MJ-11104-NT-0000270-2019 and MJ-11104-NT-0000134-2019

and imposed, in the aggregate, $5,000.00 in fines plus court costs.  See (Doc. 26-24)

at pp. 2-3; see also (Doc. 26-25) at pp. 2-3; see also (Doc. 26-26) at pp. 2-3; see also

(Doc. 26-27) at pp. 2-3; see also (Doc. 26-28) at pp. 2-3.  On May 23, 2019, Plaintiff

was served by the court, at his acknowledged address of P.O. Box 26018, Colorado

16

Springs, Colorado 80936, with five (5) Orders Imposing Sentence. <u>See</u> (**Doc.** 26-24) at p. 3; <u>see</u> <u>also</u> (Doc. 26-25) at p. 3; <u>see</u> <u>also</u> (Doc. 26-26) at p. 3; <u>see</u> <u>also</u> (Doc. 26-27) at p. 3; <u>see</u> <u>also</u> (Doc. 26-28) at p. 3.

On or about June 27, 2019, Plaintiff acknowledged the imposition of the fines in another interview, and was quoted as follows: "Of the magistrate who handled his municipal citation convictions," Bruce said: 'She's a slob; she's incompetent; she's a political hack,'" and insisted "that the City's actions were illegal, that future liens would similarly be illegal, and he refused to pay them." <u>See</u> (Doc. 26-29) at pp. 2-8; <u>see</u> <u>also</u> (Doc. 26-38) at p. 2.

Plaintiff's excessive fines claims related to the May 23, 2019, imposition of five (5) fines by Judge Kokura Kravitz are barred by the two (2) year statute of limitations applicable to § 1983 claims.[3] <u>See</u> (Doc. 26-24) at pp. 2-3; <u>see</u> <u>also</u> (Doc. 26-25) at pp. 2-3; <u>see</u> <u>also</u> (Doc. 26-26) at pp. 2-3; <u>see</u> <u>also</u> (Doc. 26-27) at pp. 2-3; <u>see</u> <u>also</u> (Doc. 26-28) at pp. 2-3.; <u>see</u> <u>also</u> <u>Matthews</u>, 128 F.R.D. at 198 (finding "claim clearly precluded by the applicable statute of limitations is legally frivolous" and warrants Rule 11 sanctions). Plaintiff filed this action nearly four (4) years after he was aware of the imposition of such fines, well beyond the applicable two-year statute of limitations. Accordingly, the Court should find that Rule 11 was violated.

---

[3]    "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." <u>Mulholland</u>, 706 F.3d at 238.

3.    **The Unimposed Fine Related To Magisterial District Court Docket No. MJ-11104-NT-0000364-2019 Is Not Ripe As It Has Not Yet Been Imposed.**

No fine has been imposed by Judge Kokura Kravitz in docket No. MJ-11104-NT-0000364-2019 due to Plaintiff's failure to enter a plea.  See (Doc. 26-30) at pp. 2-3.  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  Texas v. United States, 523 U.S. 296, 300, 118 S. Ct. 1257, 1259, 140 L. Ed. 2d 406 (1998) (citing Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580–581, 105 S. Ct. 3325, 3333, 87 L. Ed. 2d 409 (1985)).  Section 370-2 (D) of the City Code controls the imposition of a fine under the Property Maintenance Code and provides that only "[u]pon conviction before the Magisterial District Judge" may a fine be imposed.  See (Doc. 26-4) at p. 5.  Plaintiff's excessive fines claim based on the unimposed fine is not ripe because the court has not yet assessed a fine, and thus such claim is clearly meritless and frivolous.  See City of Chicago v. Equte LLC, No. 21 C 518, 2022 WL 2132630 at *3 (N.D. Ill. June 14, 2022) ("Because the Court has not yet assessed a fine, Defendants' excessive fines claim is not ripe").  "'[T]he central purpose of Rule 11 is to deter baseless filings in district court.'"  Young, 269 F. Supp. 3d at 332.  Accordingly, the Court should find that Rule 11 was violated.  See Matthews, 128 F.R.D. at 201 (stating that "arguments which ignore existing caselaw altogether are considered 'conclusively' unreasonable").

18

###### 4.    Plaintiff's Fourteenth Amendment Due Process Claim Is Based On A False Representation To The Court.

Plaintiff's complaint asserts a pre-deprivation procedural due process claim under the Fourteenth Amendment arising out of the demolition of the Building. See (Doc. 1) at ¶¶ 13, 26, 29. Specifically, Plaintiff alleges that he "never received any notice in advance of the demolition of the building on the Property and he therefore did not have the ability to contest the same." Id. at ¶¶ 12-13. This representation is false. Contrary to his representations to the Court, Plaintiff received, by way of certified mail and personal service through the El Paso County Sheriff's Office, notice that if he did not appeal the enforcement decision of the City within twenty (20) days or demolish the Building within thirty (30) days the City would do so. See (Doc. 23-32) at pp. 2-9; see also (Doc. 26-43) at pp. 2-6; see also Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) ("In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available"). Such misrepresentation to the Court is itself sanctionable, but it also is fatal to any claim by Mr. Bruce.

"As a matter of law, constitutionally adequate procedural due process exists when a state provides reasonable remedies to rectify an alleged legal error by a local administrative body." Donovan v. Pittston Area Sch. Dist., 218 F. Supp. 3d 304, 314 (M.D. Pa. 2016), aff'd, 717 F. App'x 121 (3d Cir. 2017). "When a state affords a

mechanism with which to challenge an administrative decision, adequate procedural due process is provided, whether or not the plaintiff avails him/herself of the mechanism." Id. (citing Alvin, 227 F.3d 107, 116 (3d Cir. 2000)). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Id.

On May 23, 2019, Plaintiff was personally served by the El Paso County Sheriff's Office with the May 8, 2019, enforcement notice issued by Mr. Smith directing Plaintiff to demolish the Building within thirty (30) days and notifying Plaintiff that if he failed to comply that the City would demolish the Building pursuant to § 110.3 of the Property Maintenance Code. See (Doc. 23-32) at pp. 2-9 (Plaintiff also accepted certified mail notice of the May 8, 2019, enforcement notice on May 13, 2019). The May 8, 2019, enforcement notice also notified Plaintiff that he had twenty (20) days to appeal the enforcement action through the City of Pittston Property Maintenance Code Appeals Board, as set forth in § 111.1[4] of the Property

---

[4]     Section 111.1 of the Property Maintenance Code provides as follows:

> Any person directly affected by a decision of the code official or a notice of order issued under this code shall have the right to appeal to the board of appeals, provided that a written application for appeal is filed within 20 days after the day the decision, notice or order was served. An application for appeal shall be based on a claim that the true intent of this code or the rules legally adopted thereunder have been incorrectly interpreted, the provisions of this

Maintenance Code.  Id. at p. 4.  Specifically, the May 8, 2019, enforcement notice

that Plaintiff received informed him, in pertinent part, as follows:

> Appeals of this enforcement action under the property
> maintenance code may be filed within twenty (20) days by
> filing an application with the City of Pittston Property
> Maintenance Code Appeals Board, as set forth in Section
> 111 of the property maintenance code.  Please contact the
> city's administrative offices for the required forms and fee
> schedule to file this type of appeal.

Id.

Plaintiff's pre-deprivation is baseless.  Despite his representations to the

contrary, Plaintiff was afforded the opportunity to appeal the enforcement action

related to the demolition of his Building and failed to avail himself of that process.

Plaintiff may not "skip that process and use the federal courts as a means to get back

what he wants."  Donovan, 218 F. Supp. 3d at 314; Gardner v. McGroarty, 68 F.

App'x 307, 311 (3d Cir. 2003) (dismissing the plaintiff's procedural due process

claim finding that the plaintiff did not avail himself of the procedural protections

afforded under the Wilkes–Barre Housing Code because he declined to appeal the

decision to post his apartment building as unfit for habitation to the Building Board

of Appeals).  "'[T]he central purpose of Rule 11 is to deter baseless filings in district

---

> code do not fully apply, or the requirements of this code are
> adequately satisfied by other means.

See (Doc. 26-6) at p. 10.

court.'" <u>Young</u>, 269 F. Supp. 3d at 332.  Accordingly, the Court should find that

Rule 11 was violated.  <u>See Matthews</u>, 128 F.R.D. at 201 (stating that "arguments

which ignore existing caselaw altogether are considered 'conclusively'

unreasonable").

> **C.    Irrespective Of The Conspicuous Omissions From And Misrepresentations Contained In Plaintiff's Complaint Designed To Put Forward Plausible Constitutional Claims, The Same Fail Substantively.[5]**

> **1.    Plaintiff's Fifth Amendment Takings Clause Claim Fails As A Matter Of Law Because The Demolition Of The Building Occurred Incident To The City's Exercise Of Its Police Power And, Therefore, The Demolition Does Not Constitute A Taking Within The Meaning Of The Fifth Amendment.**

Plaintiff's Fifth Amendment Takings Clause claim fails as it is well settled that

"property is not 'taken' where a city or other appropriate public authority has acted

pursuant to its right and obligation to ensure public safety in remediating a dangerous

condition."  <u>3909 Realty LLC v. City of Philadelphia</u>, No. CV 21-0030, 2021 WL

2342929, at *5 (E.D. Pa. June 8, 2021).  Here, on November 26, 2018, Mr. Smith

issued an enforcement notice to Plaintiff directing that he demolish the Building,

---

[5]    Mindful of the Court's time, but cognizant of the prohibition on incorporating by reference all or any portion of any other brief contained in Local Rule 7.8, and for purposes of completeness, the City is including herein a substantive analysis of Plaintiff's Constitutional claim in a truncated fashion as the same substantive challenges have already been advanced through the City's case dispositive motion for judgment on the pleadings.  <u>See</u> (Doc. 17) at pp. 15-42.

which had been in a condemned status since 2014, in accordance with § 110.1 of the Property Maintenance Code because the Building posed "a risk to emergency personnel and nearby residents." See (Doc. 26-3) at pp. 2-9. Plaintiff did not comply.

On May 8, 2019, Mr. Smith issued a second enforcement notice to Plaintiff, via certified mail and personal service through the El Paso County Sheriff's Office, informing Plaintiff that due to "the current condition of the property, it is my opinion, after consultation with an engineer, that this property is so deteriorated and dilapidated that it is dangerous, unsafe, insanitary and otherwise unfit for human habitation or occupancy and it is no longer able to be repaired," directing that Plaintiff demolish the Building and notifying Plaintiff that "[p]ursuant to section 110.3 of the Property Maintenance Code, your failure to comply with this demolition order within thirty (30) days will result in the demolition of the property." See (Doc. 26-32) at pp. 2-9. Plaintiff, again, did not comply. Here, the derelict Building was razed in accordance with the City's "police power" and the same does not, as a matter of law, constitute a compensable taking within the meaning of the Takings Clause of the Fifth Amendment. As such, the claim is frivolous and sanctions are appropriate.

   **2.    Plaintiff's Fifth Amendment Takings Clause Claim Fails As A Matter Of Law Because Plaintiff Maintains Title To And Possession Of The Property.**

Alternatively, Plaintiff's Fifth Amendment Taking Clause claim fails because Plaintiff maintains title to and a possessory interest in the Property. See (Doc. 26-1)

23

at pp. 2-5; <u>see also</u> (Doc. 1) at ¶ 7; <u>see also</u> <u>Munoz v. City of Union City</u>, 481 F. App'x 754, 759 (3d Cir. 2012) (finding no taking occurred where plaintiff retained a possessory interest in the property); see also <u>3909 Realty LLC</u>, 2021 WL 2342929, at *5 (holding that because the plaintiffs "retained possession of the Property and the ability to 'put the property to any number of beneficial uses' the City's demolition of the Property cannot constitute a taking"); <u>see also</u> <u>Bush v. City of Scranton</u>, No. 3:CV-11-0670, 2013 WL 5465334 at *17 (M.D. Pa. Sept. 30, 2013) (dismissing the plaintiffs' Fifth Amendment takings claim because the plaintiffs still owned the land where both their house and garage stood); <u>see also</u> <u>Fisher v. Pratt</u>, No. CV 19-273 (NLH/KMW), 2020 WL 773262, at *7 (D.N.J. Feb. 18, 2020) (holding that the plaintiff's "continuing possessory interest in the property prevents him from establishing a Takings Clause violation").   Here, it is undisputed that Plaintiff maintains ownership of the Property, therefore, his Fifth Amendment takings claim fails as a matter of law. <u>See</u> (Doc. 26-1) at pp. 2-5; <u>see also</u> (Doc. 1) at ¶ 7. As such, the claim is frivolous and sanctions are appropriate.

### 3.    Plaintiff's Fifth Amendment Due Process Clause Claim Fails As A Matter Of Law.

Plaintiff's Fifth Amendment Due Process Clause claim also fails because Plaintiff's complaint does not complain of any federal government action. <u>See</u> (Doc. 1), <u>generally</u>; <u>see also</u> <u>Walker v. Brittain</u>, No. 1:22-CV-00965, 2022 WL 4454525, at *3 (M.D. Pa. Sept. 23, 2022) (holding that because the plaintiff's complaint

complains of the conduct of state employee, not federal employees, "the Due Process Clause of the Fifth Amendment is inapplicable").

###### 4.   Plaintiff's Post-Deprivation Procedural Due Process Claim Fails As A Matter Of Law.

To the extent that Plaintiff's complaint can be interpreted as also advancing a post-deprivation[6] procedural due process claim under the Fourteenth Amendment, the same fails because Plaintiff has not availed himself of the state law remedy available for inverse condemnation provided through the Pennsylvania Eminent Domain Code.  See (Doc. 1), generally; see also Florimonte v. Borough of Dalton, No. 3:CV-14-0341, 2014 WL 3114071 at *14 (M.D. Pa. July 7, 2014), aff'd, 603 F. App'x 67 (3d Cir. 2015) (Plaintiff has failed to state a Fourteenth Amendment procedural due process claim since she clearly had adequate post deprivation remedies available to her in Lackawanna County Court as well as the state appellate courts); see also Perano v. Twp. Of Tilden, 423 F. App'x 234, 237–38 (3d Cir. 2011) (dismissing procedural due process claim for failure to take advantage of state remedy under the Eminent Domain Code).

---

[6]   Plaintiff pre-deprivation procedural due process claim under the Fourteenth Amendment is addressed above.

25

### 5.  Plaintiff's Fourteenth Amendment Substantive Due Process Claim Fails As A Matter Of Law.

Plaintiff's substantive due process claim fails because the demolition of Plaintiff's unsafe Building was rationally related to a legitimate state interest and does not shock the conscience. Whittaker v. Cnty. of Lawrence, 674 F. Supp. 2d 668, 701 (W.D. Pa. 2009), aff'd, 437 F. App'x 105 (3d Cir. 2011); see also Madar v. City of Philadelphia, No. CV 19-6033, 2021 WL 2156362 at **6-7 (E.D. Pa. May 27, 2021) (holding that "demolition of an imminently dangerous structure does not shock the conscience") (citing Kaucher v. Cnty. of Bucks, 455 F.3d 418, 425 (3d Cir. 2006)); see also Stein v. City of Philadelphia, 994 F. Supp. 2d 660, 662 (E.D. Pa. 2014) ("Whether the government's conduct shocks the conscience is a question of law for the Court to decide"). Demolishing, in conformity with the Property Maintenance Code, a dangerous, uninhabitable and rodent infested building that posed a continuing risk to emergency personnel and nearby residents, does not, as a matter of law, rise to the level of the "most egregious official conduct," which is fatal to Plaintiff's substantive due process claim. See Harmon v. Sussex Cnty., No. CV 17-1817-RGA, 2019 WL 4344635 at *7 (D. Del. Sept. 12, 2019), aff'd, 810 F. App'x 139 (3d Cir. 2020) ("Given the unsafe structure and that the property was unfit for human occupancy, no reasonable jury could find that the demolition in accordance with Sussex County Code rules and procedures shocks the conscience"); see also (Doc. 26-3) at pp. 2-9; see also (Doc. 26-5) at p. 2; see also (Doc. 26-31) at p. 2; see

also (Doc. 26-32) at pp. 2-9; see also (Doc. 26-6) at pp. 9-10. As such, the claim is frivolous and sanctions are appropriate.

> **6.     Plaintiff's Eighth Amendment Excessive Fines Clause Claims Based On Fines Imposed By The Magisterial District Court Are Barred By The Rooker-Feldman Doctrine.**

Plaintiff's Eighth Amendment Excessive Fines Clause claims based on the five (5) fines imposed[7] by Judge Kokura Kravitz are barred by the Rooker-Feldman doctrine. See Martin v. Pennsylvania, No. 1:18-CV-1904, 2019 WL 12054772, at *4 (M.D. Pa. Aug. 7, 2019), *report and recommendation adopted*, No. 1:18-CV-01904, 2020 WL 9209709 (M.D. Pa. Feb. 24, 2020). Plaintiff should be personally familiar with this analysis, as he has previously tried to assert such claims in federal court in Colorado, wherein the district court concluded that it did not have jurisdiction under Rooker-Feldman. See Bruce v. City & Cnty. of Denver, No. 1:20-CV-02099-RBJ, 2021 WL 4521899, at *5 (D. Colo. Oct. 4, 2021) ("A federal court plaintiff is complaining of injuries caused by a state court judgment. His injuries cannot be remedied without undoing the state court judgment. This Court does not have jurisdiction over Mr. Bruce's claims—he must seek his remedies elsewhere"), *aff'd*,

---

[7]     Plaintiff's Eighth Amendment claim related to the unripe, unimposed fine related to Magisterial District Court Docket No. MJ-11104-NT-0000364-2019 is addressed above.

57 F.4th 738 (10th Cir. 2023). As such, the claim is frivolous and sanctions are appropriate.

**7.    Demolition of A Derelict Building In Accordance With The Property Maintenance Code Does Not Constitute Punishment For A Criminal Offense.**

The demolition of a derelict building does not constitute "punishment for a criminal offense" for purposes of the Eighth Amendment. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 420 (3d Cir. 2000) ("The term 'fine' refers to punishment for a criminal offense"); see also John Corp. v. City of Houston, 214 F.3d 573, 580 (5th Cir. 2000) (holding that the appellants' Eighth Amendment claim based on the demolition of forty-one buildings was frivolous and rejecting the argument that the demolition of their buildings constituted punishment for purposes of the Eighth Amendment). As such, the claim is frivolous and sanctions are appropriate.

**8.    Punitive Damages Are Not An Available Remedy Against The City.**

Punitive damages against the City are not recoverable as a matter of law. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed.2d 616 (1981).

**D.    Dismissal Of Plaintiff's Complaint With Prejudice And An Award Of Attorney's Fees Paid By Plaintiff To The City Is An Appropriate Sanction.**

"Once a violation of Rule 11 has been established, a district court 'has discretion to tailor sanctions to the particular facts of the case.'" See Young, 269 F. Supp. 3d at 334; see also Lieb v. Topstone, Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) (sanctions are mandatory if a Rule 11 violation is found).

Rule 11 states in pertinent part as follows:

> the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

See Fed.R.Civ.P. 11(c)(1). "Parties, not just their attorneys, are bound by the obligations of Rule 11 and may likewise be sanctioned for a breach of those obligations." Del Giudice, 2009 WL 424368, at *10.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." See Fed.R.Civ.P. 11(c)(4). "Thus, the appropriate sanction must... achieve Rule 11's central purpose: 'deterrence of frivolous lawsuits.'" See Young, 269 F. Supp. 3d at 334. "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id. (recognizing that "'[t]he

29

court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities..., etc.'"); <u>see also</u> Fed.R.Civ.P. 11(c)(4).

"[F]ederal courts in the Third Circuit's venire and the Advisory Committee Notes to Rule 11 have also set forth certain factors useful in determining the appropriate sanction for a violation of Rule 11." <u>See</u> <u>Young</u>, 269 F. Supp. 3d at 334. They include:

> Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants: all of these may in a particular case be proper considerations.

<u>Id</u>.

The instant action, designed by Plaintiff to make the City "pay dearly" is a "misuse of the [District] court's processes and constitutes "abusive litigation," which constitutes a violation of Rule 11. <u>Id</u>.; <u>see also</u> <u>Ferreri v. Fox, Rothschild, O'Brien & Frankel</u>, 690 F. Supp. 400, 405 (E.D. Pa. 1988); <u>see also</u> (Doc. 26-34) at p. 3;

Compare (Doc.1) at ¶ 14 (Plaintiff demanding "an amount no less than $500,000.00) with (Doc. 26-2) at p. 2 (purchase price for Property $17,500.00). Plaintiff's counsel themselves recognized the inappropriateness of continuing this litigation and sought to withdraw from further representing Plaintiff in this action after he refused to withdraw the complaint. See (Doc. 12) at pp. 1-6; see also (Doc. 26-42) at p. 2. The tactical omissions and misrepresentations of Plaintiff, a former Deputy District Attorney, in his complaint constitute deliberate indifference to obvious facts in the pursuit of a monetary award and warrants a sanction designed to place the City legally and financially in the same position it would have occupied but for the improper filing of Plaintiff's complaint.  Accordingly, the most appropriate sanction here is the dismissal of Plaintiff's complaint, the entry of judgment in favor of the City and an award of attorney's fees payable to the City by the Plaintiff for the costs of defending this action and filing this motion following the submission of a properly supported fee petition. See Vehicle Operation Techs. LLC v. Am. Honda Motor Co. Inc., 67 F. Supp. 3d 637, 653 (D. Del. 2014) (Dismissal with prejudice was warranted as sanction under Rule 11 for failure of attorney to conduct reasonable pre-suit investigation); see also Del Giudice, 2009 WL 424368, at *12 (holding that dismissal is the only appropriate sanction and that the suitability of this disposition is highlighted by the fact that plaintiff's counsel themselves ultimately recognized the inappropriateness of continuing the litigation); see also Keister v. PPL Corp., 318

31

F.R.D. 247, 256 (M.D. Pa. 2015) (finding an award of reasonable attorney fees to defendants was warranted as Rule 11 sanction in frivolous employment discrimination lawsuit).

## III.   **CONCLUSION**

For all or any of the foregoing reasons, Defendant City of Pittston respectfully requests that its motion for sanctions be granted, that the complaint (Doc. 1) of Plaintiff Douglas Bruce be dismissed, that judgment be entered in favor of the City of Pittston and against Plaintiff Douglas Bruce and for an award of attorney's fees payable by Plaintiff Douglas Bruce to Defendant City of Pittston.

Respectfully Submitted,

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III
Jennifer Menichini
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18641
Ph: (570) 602-3560
Fax: (570) 602-3561
Email: jjj@joycecarmody.com
        jm@joycecarmody.com

Attorneys for Defendant
City of Pittston

DATED: June 15, 2023

Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant<br>City of Pittston

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS BRUCE,** | |
| **Plaintiff,** | **CIVIL ACTION - LAW**<br>**JURY TRIAL DEMANDED** |
| **v.** | |
| **CITY OF PITTSTON,**<br>**PENNSYLVANIA,** | **THE HONORABLE**<br>**KAROLINE MEHALCHICK** |
| | **No. 3:23-cv-00711-KM** |
| **Defendant.** | |

## <u>WORD CERTIFICATION</u>

The undersigned counsel for Defendant City of Pittston hereby certifies that the foregoing brief in support Defendant City of Pittston's brief in support of its motion for sanctions pursuant to Federal Rule of Civil Procedure 11 contains less than 7,800 words as authorized by the Court's June 15, 2023, Order (Doc. 29). I have relied on the word count feature of the word processing system which indicates that 7,685 words are contained in the foregoing brief.

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III

DATED:  June 15, 2023

Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main Street, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Fax: (570) 602-3561

Attorneys for Defendant
City of Pittston

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS BRUCE,** | **CIVIL ACTION - LAW** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **CITY OF PITTSTON, PENNSYLVANIA,** | **THE HONORABLE KAROLINE MEHALCHICK** |
| **Defendant.** | **No. 3:23-cv-00711-KM** |

## CERTIFICATE OF SERVICE

I, Joseph J. Joyce, III, hereby certify that a true and correct copy of the foregoing Defendant City of Pittston's brief in support of its motion for sanctions pursuant to Federal Rule Civil Procedure 11 was served upon the following counsel and parties of record via ECF and email as follows:

Douglas Bruce
P.O. Box 26018
Colorado Springs, CO 80936
Ph: 719-550-0010
Email: taxcutter@msn.com

*Pro se*

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III

DATED: June 15, 2023