**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOUGLAS BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PITTSTON, PENNSYLVANIA,<br>Defendant. | CIVIL ACTION NO. 3:23-CV-00711<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

On May 1, 2023, Plaintiff Douglas Bruce ("Bruce") initiated this action by filing a complaint alleging that Defendant the City of Pittston, Pennsylvania, ("Pittston") violated his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 1). On October 10, 2023, the Court granted Pittston's motion for judgment on the pleadings, dismissed this case, and granted a motion for sanctions. (Doc. 33). In the Court's order granting Pittston's motion for sanctions, the Court provided Pittston with the opportunity to "file a single, comprehensive petition for reasonable expenses and attorney's fees incurred by it in connection with defending this action." (Doc. 33). Before the Court is Pittston's motion for attorneys' fees related to the Court's grant of sanctions. (Doc. 35). For the following reasons, Pittston's motion is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Bruce is a real estate investor and former deputy district attorney who lives in Colorado. (Doc. 1, ¶¶ 1, 7, 46). Bruce sued the city of Pittston after the city demolished a building on a parcel of land he owned. (Doc. 1, ¶¶ 7-11). Bruce alleged that the loss in business from Pittston demolishing the building, which contained a bar and apartments, cost him at least $500,000

in damages. (Doc. 1, ¶¶ 8, 15). According to Bruce, Pittston demolished the building without "any proper notice from Defendant regarding any maintenance issues or other possible basis for the demolition, and/or proper notice of the issuance of fines or orders in connection with the same" in violation of his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 1, ¶¶ 10, 16-50).

Despite Bruce's allegations, public records showed that Pittston entered standard condemnation proceedings based on the condition of Bruce's property and Bruce clearly had notice of the condemnation as he filed motions to dismiss the condemnation proceedings. (Doc. 32, at 4-5). On September 18, 2014, Pittston formerly condemned the building "due to multiple, serious, persistent, unresolved violations" of the city's Internal Property Maintenance Code. (Doc. 11-25, at 2; Doc. 32, at 3). This started years of enforcement actions against Bruce, which included Pittston retaining Thomas Leonard ("Leonard"), an engineer, who found on April 25, 2018, that Bruce's property presented "a serious hazard to the public." (Doc. 11-2, at 2). On November 26, 2018, City Code Enforcement Officer Harry Smith ("Smith") issued Bruce a notice directing Bruce to raze the building and informing him of his right to appeal Pittston's determination. (Doc. 11-25, at 2-9). Bruce did not comply with Smith's initial notice and on January 8, 2019, Smith issued an additional citation due to Bruce's failure to comply with municipal ordinances regarding building safety. (Doc. 11-4, at 2-4; Doc. 32, at 3).

In 2019, Pittston initiated proceedings before Magisterial District Judge Alexandra Kokura Kravitz and throughout those proceedings, Bruce filed belligerent filings containing personal insults towards MDJ Kravitz such as "I can't believe Ms. Kravitz is a real judge who has read the U.S. Constitution. Maybe the janitor is setting trial using her name." (Doc. 11-

12, at 2-4; Doc. 32, at 5). On May 23, 2019, MDJ Kravitz found Bruce guilty of violating various ordinances *in abstentia*. (Doc. 11-13; Doc. 11-14; Doc. 11-15; Doc. 11-16; Doc. 11-17; Doc. 32, at 5).

After MDJ Kravitz found Bruce guilty *in abstentia*, on April 16, 2019, Leonard issued a supplemental report finding that the building on Bruce's property was unsafe due to risk of physical injury due to dangers such as falling debris and risk of illness due to dangers such as mold and animal carcasses in the building. (Doc. 11-24, at 2; Doc. 32, at 6). On May 8, 2019, Smith issued Bruce another enforcement notice. (Doc. 11-2, at 2-9; Doc. 32, at 6). After Smith issued several additional notices and after the Pittston City Council voted on the matter, on June 26, 2019, Pittston demolished Bruce's building. (Doc. 32, at 6). Bruce filed his complaint on May 1, 2023. (Doc. 1).

On October 10, 2023, the Court found that Pittston was entitled to judgment on the pleadings because Bruce's claims were barred by the statute of limitations and he failed to state a claim from which relief could be granted. (Doc. 32, at 10-36). The Court further found that Pittston was entitled to Rule 11 sanctions in the form of attorneys' fees because Bruce, a former deputy district attorney, brought a frivolous lawsuit against Pittston. (Doc. 32, at 36-40). The Court ordered Pittston to file "a single, comprehensive petition for reasonable expenses and attorney's fees incurred by it in connection with defending this action." (Doc. 33).

On November 7, 2023, Pittston filed a motion for attorneys' fees, a brief in support, and accompanying exhibits. (Doc. 35; Doc. 36). Bruce never filed a brief in opposition but did file an appeal. (Doc. 38). On June 23, 2026, the Court received notice that the Third Circuit denied Bruce's appeal, and on July 31, 2026, the Court issued an order scheduling a

conference call to discuss Pittston's pending motion for attorneys' fees. (Doc. 43; Doc. 44). On the August 7, 2026 call, counsel for Pittston informed the Court that when it reached out to Bruce about the call, Bruce informed counsel that he will no longer engage in communications regarding this case and counsel should tell the Court as much. (Doc. 45).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 11 allows for an award of award attorneys' fees as a sanction for frivolous lawsuits or motions. *Cranbury Brook Farms v. Twp. of Cranbury*, 226 F. App'x 92, 96 (3d Cir. 2007) (nonprecedential) (stating "[w]e have held that district courts may 'award[ ] attorney's fees to prevailing defendants in an effort to discourage plaintiffs from bringing baseless actions or making frivolous motions'" (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). District courts have discretion when awarding attorneys' fees and costs as a sanction. *Cranbury Brook Farms*, 226 F. App'x at 95-96 (reviewing a decision to award attorneys' fees as a sanction for abuse of discretion). Where a fee award is warranted, courts generally award the amount of fees the opposing party incurred while defending against the frivolous lawsuit or motion. *See Keister v. PPL Corp.*, 318 F.R.D. 247, 271 (M.D. Pa. 2015) (stating "'[f[or filing a frivolous lawsuit, [a district court] would normally award attorney's fees and costs incurred by defendants in defending the suit and in bringing the Rule 11 motion'"(quoting *Matthews v. Freedman*, 128 F.R.D. 194, 203 (E.D. Pa. 1989), *aff'd*, 919 F.2d 135 (3d Cir. 1990)).

## III. DISCUSSION

The Court already found that sanctions in the form of fees are warranted in this case, and thus, the only question before the Court is what number should be assigned to Pittston's fee award. (Doc. 32, at 36-40). Pittston requests $40,001.00 in fees and expenses. (Doc. 36, at

20). Pittston came to this number by multiplying the hours its counsel worked on this matter by a rate of $225.00 per hour. (Doc. 36, at 12). Bruce did not file a brief in opposition to Pittston's motion, and, as noted *supra*, refused to participate in the status conference held by the Cour on August 7, 2026.

Beginning with Bruce's refusal to respond to the Court, while the Court acknowledges that Bruce is currently proceeding *pro se*, Bruce is a former deputy district attorney and *pro se* parties with legal training and experience are held to a higher standard than non-attorneys. *See Allen v. Aytch*, 535 F.2d 817, 821 (3d Cir. 1976) (finding that a third-year law student with "substantial legal training" was not entitled to the same deference as an ordinary *pro se* plaintiff when interpreting their filings); *see also Khawam v. Allen*, No. CV 23-22465, 2025 WL 654107, at *6 (D.N.J. Feb. 27, 2025) (finding that an attorney proceeding as a *pro se* plaintiff was not entitled to the same deference as an ordinary *pro se* plaintiff). Under Local Rule 7.6, where a party fails to respond to a motion, the Court may deem that motion unopposed. *See Coldsmith v. Agency Ins. Co.*, 556 F. Supp. 3d 445, 449-50 (M.D. Pa. 2021) (stating "[p]ursuant to Local Rule 7.6, failure to timely file an opposition brief results in a motion being deemed unopposed"); *see also Kenyon v. Gutierrez*, No. 4:24-CV-00426, 2026 WL 1105988, at *2 (M.D. Pa. Apr. 23, 2026) (deeming a motion unopposed where the opposing party did not respond). Accordingly, Pittston's motion for attorneys' fees is deemed unopposed.

Courts have discretion when determining whether requested attorneys' fees are reasonable. *Washington v. Philadelphia Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1034 (3d Cir. 1996) (stating "[w]e review the reasonableness of an award of attorney's fees for an abuse of discretion"). Courts generally determine the amount of fees to award by determining 1) what rate an attorney in the local legal community typically charges and 2) multiplying the

reasonable rate by the number of hours the awarded attorneys reasonably billed. *See Washington*, 89 F.3d at 1035 (stating "[t]he general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community"). Where an opposing party fails to respond to or otherwise oppose a motion for attorneys' fees, courts determine whether the movant made a *prima facie* showing that the fees sought are reasonable and if they did, courts should not decrease the award sought. *See Washington*, 89 F.3d at 1036 ("[w]here, as here, the plaintiff has met his prima facie burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward"); *see also Kengerski v. Cnty. of Allegheny, No. 2:17-CV-1048*, 2023 WL 3688222, at *2 (W.D. Pa. May 26, 2023) (stating "[n]ormally, the Court would then review contradictory evidence presented by the County on the issue of the reasonableness of the hourly rate, but the [defendant] has filed none . . . Thus, the Court accepts counsel's proposed hourly rates").

Pittston requests that the Court award fees at an hourly rate of $225.00. (Doc. 36, at 12). $225.00 an hour is well within the range of hourly rates courts in the Middle District have found reasonable. *See Cartagena v. Serv. Source, Inc.*, 328 F.R.D. 139, 145 (M.D. Pa. 2018) (finding $250.00 an hour to be reasonable); *see also O'Donnell v. Pennsylvania Dep't of Corr.*, No. 3:09-CV-1173, 2011 WL 4949643, at *4 (M.D. Pa. Oct. 18, 2011), *aff'd*, 507 F. App'x 123 (3d Cir. 2012) (finding that fees ranging from $200.00 to $300.00 an hour are generally reasonable).

Pittston's counsel billed 177.70 hours and $18.50 in costs for copies of deeds. (Doc. 36, at 16). When assessing the reasonableness of the number of hours billed, courts look to the movant's invoices and time entries to determine if counsel sufficiently explained how they

spent their time and to determine whether the time entries are redundant or duplicative. *See* *Cartagena*, 328 F.R.D. at 144 (stating "[w]ith respect to calculating the number of hours reasonably expended, the court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary" (citations and internal quotations omitted)); *see also* *Yeh*, 2020 WL 1505661, at *7 (finding that the number of hours billed was reasonable because the movant "sufficiently explained and justified each of these billing entries"). Here, Pittston's invoice records are detailed and the entries do not appear excessive, exaggerated, or redundant. (Doc. 35-2, at 3-15). Accordingly, given that 1) Pittston has provided a reasonable accounting of the $40,001.00 in fees and expenses it seeks and 2) Pittston's motion is deemed unopposed, the Court **GRANTS** Pittston's request for fees as is and will not deviate from the requested amount. *See* *Washington*, 89 F.3d at 1036; *see also* *Kengerski*, 2023 WL 3688222, at *2.

## IV. CONCLUSION

For the foregoing reasons, Pittston's motion for attorneys' fees and expenses is **GRANTED**. (Doc. 35). The Court **AWARDS** Pittston $40,001.00 in fees and expenses and **ORDERS** Bruce to pay the fees within thirty days of this Memorandum and its accompanying Order, on or before September 11, 2026.

An appropriate Order follows.

**Dated: August 12, 2026**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**